**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Tel: (619) 595-3001/ Fax: (619) 595-3000

**MAJARIAN LAW GROUP, APC**
Sahag Majarian (SBN 146621)
sahagii@aol.com
Garen Majarian (SBN 334104)
garen@majarianlawgroup.com
18250 Ventura Blvd.
Tarzana, CA 91356
Tel: (818) 609-0807/Fax: (818) 609-0892

Attorneys for Plaintiff Faith Soriano, on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVSION

| | |
|---|---|
| FAITH SORIANO, on behalf of herself and all others similarly situated<br><br>  Plaintiff,<br><br>  v.<br><br>T.J. MAXX OF CA, LLC, a Virginia Limited Liability Company; THE TJX COMPANIES, INC., a Virginia Corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **FCRA VIOLATIONS (15 U.S.C. § 1681b(b)(2)(A))**<br>2. **REST PERIOD VIOLATIONS**<br>3. **UNPAID WAGE VIOLATIONS**<br>4. **SICK PAY VIOLATIONS**<br>5. **FINAL PAY VIOLATIONS**<br>6. **WAGE STATEMENT VIOLATIONS**<br>7. **VIOLATIONS OF UCL**<br><br>**DEMAND FOR JURY TRIAL** |

Class Action Complaint

# NATURE OF CLAIM

1. Plaintiff FAITH SORIANO ("Plaintiff") brings this class action against Defendants T.J. MAXX OF CA, LLC, THE TJX COMPANIES, INC., and DOES 1 through 10 ("Defendants" or "T.J. MAXX") on behalf of a nationwide class of all individuals who applied for employment with Defendants and whose consumer report was obtained without required disclosures and without first obtaining a valid, signed authorization, which consisted solely of the disclosure.

2. Plaintiff also brings this class action against T.J. MAXX on behalf of a California class of all individuals employed with T.J. MAXX, whom T.J. MAXX for failure to provide all compliant rest periods, premium wages in lieu of compliant rest periods, accurate sick pay accrual and sick pay, and all wages.

3. Plaintiff, on behalf of herself and all California Class Members, brings this action for unpaid wages, equitable relief, prejudgment interest, attorneys' fees and costs, and any other relief this Court deems proper. (Labor Code §§ 226.7, 246; "Rest Periods" sections of applicable Industrial Welfare Commission ("IWC") Wage Orders; and Business and Professions Code §§ 17200, *et seq.*)

# JURISDICTION AND VENUE

4. This Court has jurisdiction over this class action pursuant to 28 U.S.C. §§ 1331(a) or 1332 and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") because this case involves the FCRA.

5. Defendant T.J. MAXX OF CA, LLC is a Virginia limited liability company with its headquarters in Framingham, Massachusetts. Defendant THE TJX COMPANIES, INC. is a Virginia corporation with its headquarters in Framingham, Massachusetts. Defendants are department stores operating throughout the United States and California, and are within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged have a direct effect on Plaintiff and those similarly situated. Plaintiff worked at the Redondo Beach location in Redondo Beach, California.

1   6. As a result, jurisdiction and venue are appropriate either in the Superior Court of Los Angeles County in the State of California, or alternatively, in the Federal District Court in the Central District of California pursuant to 28 U.S.C. § 1331 (federal question for the proposed FCRA Class). In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state wage and hour law claims because those claims derive from the employment relationship and a common nucleus of operative fact.

## PARTIES

7. Plaintiff FAITH SORIANO is a Los Angeles resident who worked as a non-exempt employee at Defendants' Redondo Beach store (#1064), located at 1401 Hawthorne Blvd., Redondo Beach, California 90278, from January 26, 2023 until she was terminated on August 1, 2023.

8. Defendant T.J. MAXX OF CA, LLC is a Virginia limited liability company doing business in Redondo Beach, California, within Los Angeles County. Defendant is department store chain that employs more than 300,000 employees with over 1,000 stores in the United States.

9. Defendant THE TJX COMPANIES, INC. is a Virginia corporation. Defendant is a multinational off-price department store corporation and the parent corporation of Defendant T.J. MAXX OF CA, LLC.

10. Does 1 through 10, inclusive, are persons or entities whose true names and identities are now unknown to Plaintiff, and who are sued by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when known.

11. Plaintiff is informed and believes each Doe defendant is the agent, representative, or parent or subsidiary corporation of the other Defendants, is responsible in some manner for the occurrences, events, transactions, and injuries alleged, and that harm suffered by Plaintiff and the proposed Class was proximately caused by them in addition to Defendants.

12. Plaintiff alleges each Defendant, including Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices, or courses of conduct alleged, and was a proximate cause of damage and injury to Plaintiff.

13. At all relevant times each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## GENERAL ALLEGATIONS

14. T.J. MAXX is a "person" as defined by the FCRA. 15 U.S.C. § 1681 a(b). Plaintiff is a "consumer" as defined by the FCRA. 15 U.S.C. § 1681 a(c). The background report or consumer report that Defendants obtain regarding applicants or current employees are "consumer reports" as defined by the FCRA. 15 U.S.C. § 1681a(d).

15. During the Class Period, Plaintiff and each member of the FCRA Class sought employment with T.J. MAXX. As part of the employment process, Defendants obtained a consumer report for Plaintiff and FCRA Class Members.

16. Plaintiff and each FCRA Class Member were individuals covered by the FCRA and T.J. MAXX was required to provide a disclosure in writing consisting solely of the disclosure that a consumer report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2)(A)(i).

17. The term "consumer report" includes not only credit worthiness, standing, and capacity; it also includes character, general reputation, personal characteristics, or mode of living to analyze eligibility for employment purposes. 15 U.S.C. § 1681a(d). A background check qualifies as a consumer report.

18. The report must be obtained from a "consumer reporting agency," which is defined as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for

the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). On information and belief, Defendants obtained the report from a third-party consumer reporting agency.

19. T.J. MAXX includes with the employment application a "Disclosure Regarding Background Investigation." When Plaintiff signed this form, she was under eighteen years old and could not be bound by signing this form.

20. Defendants did not maintain a compliant rest period policy applicable to Plaintiff and other California Class Members under the California Labor Code. Defendants did not relieve employees of all duties during rest periods and required them to continue work throughout their shifts.

21. Defendants required Plaintiff and California Class Members to "attest" that they took compliant rest breaks. On many occasions, Plaintiff was unable to take rest breaks, but managers marked these as "missed attestation."

22. Defendants failed to pay Plaintiff and other California Class Members an hour's pay in lieu of compliant rest periods and failed to pay them for the time worked during what was required to be a rest period.

23. Plaintiff, on behalf of herself and California Class Members, seeks injunctive relief, restitution, and disgorgement of all benefits obtained by Defendants as a result of violations alleged. Business and Professions Code §§ 17200, *et seq*.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. The members of the Classes and Subclasses are defined as follows:

**FCRA Class**

All individuals who sought employment with T.J. MAXX and for whom a consumer report was obtained as part of the application process at any time five years before filing this Complaint.

**California Class**

All Defendants' non-exempt California employees at any time four years before filing this Complaint through the date of trial.

25. **"Rest Period Subclass"**

All members of the California Class who worked one or more periods in excess of three and one-half (3.5) hours.

26. **"Unpaid Wages Subclass"**

All members of the California Rest Period Subclass.

27. **"Sick Pay Subclass"**

All members of the California Class who were eligible to accrue or be paid sick pay wages

28. **"Waiting Time Subclass"**

All members of the California Class whose employment ended four years before filing this Complaint through the date of trial.

29. **Wage Statement Subclass**

All Class Members who received one or more wage statements during the one year preceding the filing of this Complaint.

30. **"UCL Subclass"**

All California Class and Subclass Members who were subject to Defendants' unlawful or unfair business acts or practices.

31. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable through records Defendants are required to keep.

32. <u>Numerosity</u>. The members of the Classes are so numerous that joinder of all of them as a plaintiff is impracticable. Plaintiff is informed and believes, and alleges, there are hundreds of thousands of Class Member and thousands of California Class Members.

33. <u>Commonality</u>. Common questions of law and fact predominate over questions affecting only individual members, including, but are not limited to:

    a. Whether Defendants violated the FCRA by not obtaining valid authorization before obtaining a consumer report;

    b. Whether Defendant willfully violated the FCRA, requiring statutory damages to Plaintiff and the FCRA Class pursuant to 15 U.S.C. § 1681n(a);

    c. Whether Plaintiff and the FCRA Class are entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a), and if so, the amount and calculation of statutory damages;

    d. Whether Plaintiff and the FCRA Class are entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and if so, the amount and calculation of punitive damages;

    e. Whether Defendants have a policy or practice of failing to authorize or permit compliant rest periods;

    f. Whether Defendants have a policy or practice of failing to pay premium wages for non-compliant rest periods;

    g. Whether Defendants have a policy or practice of failing to pay for time worked during rest periods;

    h. Whether Defendants have a policy or practice of failing to properly accrue or pay sick pay wages; and

    i. Whether the California Class and Subclasses are entitled to equitable relief for violations of Business and Professions Code, sections 17200, *et seq*.

34. <u>Typicality</u>. Plaintiff and other members of the FCRA Class were subject to the same policy and practice of failing to obtain proper authorization before obtaining a consumer report for employment purposes. Plaintiff's claims are typical of the claims of the other members of the California Class.

- 6 -
Class Action Complaint

35. <u>Adequacy</u>. Plaintiff will adequately and fairly protect the interests of the members of the Classes. Plaintiff has no interest adverse to the interests of absent Class Members. Plaintiff is represented by attorneys who have substantial class action experience in consumer and wage and hour class action law.

36. <u>Superiority</u>. A class action is superior to other available means for fair and efficient adjudication of the claims of the Classes and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class Member are relatively small in the context of a class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of The Fair Credit Reporting Act**
**15 U.S.C. §§ 1681,** *et seq.*
**(By Plaintiff and the FCRA Class against each Defendant)**

37. Plaintiff incorporates the preceding paragraphs of this Complaint

38. At all relevant times, Plaintiff and all other members of the FCRA Class were applicants for employment with T.J. MAXX throughout the United States. During the Class Period, Plaintiff and each member of the FCRA Class sought employment with Defendants in the United States. As part of the employment process, Defendants obtained a consumer report for Plaintiff and the putative FCRA Class Members.

39. Defendants knew or should have known about their FCRA legal obligations. These obligations are well established in FCRA's plain language and in the promulgations of the Federal Trade Commission. Substantial written materials apprising Defendants of their FCRA duties were available to them.

40. Defendants failed to obtain proper authorization from Plaintiff and other FCRA Class Members before obtaining consumer reports for employment purposes. For example, Plaintiff was a minor, under the age of 18, when the report was obtained. Legal authorization to obtain this report was required before a request was made, but was not provided.

41. Defendants intentionally or recklessly acted in conscious disregard of their obligations under the FCRA and violated FCRA as to Plaintiff and other FCRA Class Members.

42. Plaintiff and FCRA Class Members are entitled to recover statutory damages of "not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).

**SECOND CAUSE OF ACTION**
**Failure to Provide Compliant Rest Periods**
**Labor Code § 226.7 and the "Rest Periods" section of**
**applicable IWC Wage Orders**
**(By Plaintiff and each Rest Period Subclass Member)**

43. Plaintiff incorporates the preceding paragraphs of this Complaint.

44. By failing to authorize and permit Plaintiff and Class Members a paid rest period of at least 10 minutes for every four hours or major fraction worked per day, and failing to provide premium wages at the regular rate of pay when not permitted or authorized, Defendants violated provisions of Labor Code section 226.7 and the "Rest Period" section of applicable IWC Wage Orders.

45. Defendants' unlawful acts deprived Plaintiff and the Rest Period Subclass of premium wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
**Failure to Provide Wages**
**Labor Code §§ 510, 1194**
**(By Plaintiff and each Unpaid Wages Subclass Member)**

46. Plaintiff incorporates the preceding paragraphs of this Complaint.

47. Defendants failed to authorize and permit Plaintiff and Class Members a rest period of at least 10 minutes for every four hours or major fraction worked per day, and Plaintiff and Class Members continued to work during those periods, but Defendants failed to pay wages for that time.

48. Defendants' deprived Plaintiff and the Unpaid Wages Subclass of minimum, regular, and overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, with interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
**Failure to Provide Sick Days**
**Labor Code § 246**
**(By Plaintiff and each Sick Pay Subclass Member)**

49. Plaintiff incorporates the preceding paragraphs of this Complaint.

50. An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operative date of this article, whichever is later, subject to the use and accrual limitations set forth in this section. Labor Code § 246(b)(1).

51. Defendants failed to calculate accrual of sick days correctly which resulted in failure to pay all sick pay wages due. For example, Plaintiff worked 117.99 hours through June 13, 2023. Divided by 30, this resulted in 3.933 hours of accrued sick leave. Plaintiff was paid 3 hours of sick pay for May 12, 2023, leaving a balance of .933 hours. Plaintiff was out sick on June 17, 2023, and recorded by Defendants as out sick, but Plaintiff was not paid anything for this sick time.

52. Defendants' unlawful acts deprived Plaintiff and the Sick Pay Subclass of sick pay in amounts to be determined at trial, and they are entitled to recover these amounts, with interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
### Failure to Timely Pay Wages Due at Separation
### Labor Code §§ 201-203
**(By Plaintiff and each Member of the Waiting Time Subclass)**

53. Plaintiff incorporates the preceding paragraphs of this Complaint.

54. An employer who discharges an employee must pay all compensation due to that employee immediately upon discharge, and to an employee who quits within 72 hours. Labor Code § 201.

55. Defendants had a consistent and uniform policy of willfully failing to timely pay earned wages to former employees. If an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until paid or until an action is commenced. Labor Code § 203.

56. Waiting Time Subclass Members are no longer employed by Defendants.

57. Defendants willfully failed to pay Waiting Time Subclass Members due at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

## SIXTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements
### Labor Code § 226
**(By Plaintiff and each Member of the Wage Statement Subclass)**

58. Plaintiff incorporates the preceding paragraphs of this Complaint.

59. All employers must maintain accurate records of each employee's hours of work each workday for at least three (3) years, and provide employees accurate, itemized wage statements showing, among other things, total hours worked and number of hours worked at each corresponding rate of pay. Labor Code §§ 226 and 1174.

60. Defendants knowingly failed to comply with these provisions by, among other things, failing to provide accurate itemized wage statements showing total number of hours worked and the number of hours worked at each

corresponding rate of pay. Because Defendants failed to compensate Plaintiff and members of the California Class, or some of them, for all hours worked, all premium wages, and all sick pay wages the itemized wage statements provided by Defendants to Plaintiff and other Class Members were inaccurate.

61. Defendants failed to provide Plaintiff and Class Members, or some of them, with required adequate wage statements. Labor Code § 226. Any employee suffering injury due to a willful violation of Labor Code section 226(e) may collect the greater of actual damages suffered or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

62. As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the members of the Wage Statement Subclass are entitled to recover the greater of actual damages or penalties not to exceed $4,000 for each employee with interest and attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**Violation of the Unfair Competition Law**
**Bus. & Prof. Code §§ 17200,** *et seq.*
**(By Plaintiff and each UCL Subclass Member)**

63. Plaintiff incorporates the preceding paragraphs of this Complaint.

64. The California Unfair Competition Law ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

65. Defendants' conduct as described above constitutes unlawful business practices because, among other reasons, Defendants violated the California Labor Code, including sections 226, 226.7, 510.

66. Defendants' conduct as described above constitutes unfair business practices because, among other reasons, their denial of lawfully earned wages outweighs any utility of such practices.

67. As a result of Defendants' unlawful and unfair conduct, Plaintiff and California Class Members suffered injury in fact.

68. Plaintiff and California Class Members seek declaratory and injunctive relief, restitution, and other appropriate equitable relief. Cal. Bus. & Prof. Code §§ 17203, 17204.

69. Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff and California Class Members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

70. This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiff, and each Subclass Member, for the four (4)-year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code § 17205.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and the Classes against Defendants:

1. Certification of this action as a class action and appointment of Plaintiff and Plaintiff's counsel to represent the Classes;

2. Provision of class notice to Class Members as defined above;

3. A declaratory judgment that Defendants knowingly and intentionally violated:

    a. The Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A)(i);

    b. California Labor Code section 226.7;

    c. California Labor Code sections 510 and 1194;

    d. California Labor Code section 226;

    e. California Labor Code section 203; and

    f. California Business and Professions Code sections 17200, *et seq*. by engaging in unlawful or unfair business practices.

4. That Defendants be permanently enjoined from engaging in the unlawful or unfair acts and practices alleged;

5. An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and California Class Members, in an amount according to proof, pursuant to California Business and Professions Code section 17203;

6. Compensatory damages according to proof;

7. Statutory damages under the Labor Code and 15 U.S.C. § 1681n(a)(1);

8. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

9. Liquidated damages under the Labor Code, including 1194.2;

10. Pre-judgment interest on all sums collected;

11. Reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5, the California Labor Code, 15 U.S.C. § 1681n(a)(3), or other applicable law;

12. Costs of suit; and,

13. Such other relief as the Court may deem appropriate.

COHELAN KHOURY & SINGER

Dated: March 13, 2024      By:  s/Jeff Geraci
                                Michael D. Singer
                                Jeff Geraci
                           Attorneys for Plaintiff Faith Soriano, on behalf of her and all others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all claims triable as of right by jury.

COHELAN KHOURY & SINGER

Dated: March 13, 2024      By:  s/Jeff Geraci
                                Michael D. Singer
                                Jeff Geraci
                           Attorneys for Plaintiff Faith Soriano, on behalf of her and all others similarly situated